MARY CHILDERS, Plaintiff-Appellee, *v.* ROBERT CHILDERS, Defendant-Appellant.

Third District    No. 77-25

Opinion filed July 13, 1977.

James N. DeWulf, of Moline, for appellant.

Harrison Kavensky, of Rock Island, for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

The petitioner, Mary Childers, and the respondent, Robert Childers, were divorced by decree entered May 20, 1966. That decree awarded custody of the parties' minor child to the petitioner and ordered the defendant to pay $20 per week through the court as child support. On October 21, 1976, a petition for rule to show cause was filed in the Circuit Court of Rock Island County. After a hearing, the trial court found that the respondent's child-support payments were $3,050 in arrears. Judgment was entered for that amount in the petitioner's favor, and the respondent appealed.

At the hearing, it was shown that the respondent failed to pay a total of $6,140 through the court. However, the petitioner's mother testified that, while she cared for the child, the respondent paid to her about $1,350.

The respondent testified that he lived with the petitioner from March 1970 to the middle of 1972, that he paid the tuition for the child's enrollment in a private school, that he placed $1,000 in a bank in the name of the petitioner in addition to giving her a check for $250 and, it appears,

paid petitioner's mother $80 and $75 to petitioner, and that in 1974 he lived with the petitioner and ran her business.

The petitioner testified that, after her divorce, she got sick, having cancer, and moved back in with the respondent, but she completely supported herself and the child, having paid half of all the bills including the school tuition. She testified that she worked every day that she ever lived with the respondent or since she was married to him. In 1973 and 1974, the petitioner was in the tavern business and, while the respondent lived at her house, he tended bar for her and occasionally cleaned up her establishment. She allowed the respondent to reside with her in 1973 because he was sick. He paid no rent, no food bills, no laundry bills and he had no other job. She admitted that the respondent gave her money, but only once or twice. Whenever she received money she gave him a receipt. Receipts of $50 and $25 were admitted into evidence.

The trial court gave the respondent credit for monies actually paid. In addition, the trial court gave the respondent some credit for the parties living together by adopting the $3,050 suggested by the petitioner as the amount of the arrearage. The respondent appeals.

■■■ The only issue presented for our consideration is whether the respondent should have receipted a credit against the nonagreed to arrearage in child support payments for the time the divorced parties resumed living together and pooled their resources to pay for expenses and support of the child. As the trial court correctly observed, merely because the parties were living together is no evidence that the respondent supported the child. In the case at bar, the respondent stated he supported the child, while the petitioner testified he did not. The trial judge, as the trier of fact, is in a superior position to that of the reviewing court, having the ability to observe the witnesses, to determine their credibility, and to weigh the evidence and to determine the preponderance thereof, especially where the testimony is contradictory. (*Schulenberg v. Signatrol, Inc.* (1967), 37 Ill. 2d 352, 226 N.E.2d 624.) The trial court believed the petitioner, and we can not conclude that the trial court erred in so doing.

Accordingly, the judgment of the Circuit Court of Rock Island County is affirmed.

Affirmed.

ALLOY, P. J., and SCOTT, J., concur.